UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : **Criminal No.** |
| v. | : |
| | : **Violation:** |
| **ZIPORIA KOGER,** | : 18 U.S.C. § 1343 (Wire Fraud) |
| | : |
| **Defendant.** | : **CRIMINAL FORFEITURE:** |
| | : (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. |
| | : § 2461(c) & 21 U.S.C. § 853(p)) |

## INFORMATION

The United States Attorney charges:

### COUNT ONE
(Wire Fraud)

From in or about January 2010 through in or about February 2012, in a continuing course of conduct, in the District of Columbia and elsewhere, the defendant, **ZIPORIA KOGER**, devised and intended to devise a scheme to defraud Victim One, Victim Two, and Company A and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

On or about May 5, 2010, for the purpose of executing the scheme, and attempting to do so, and aiding and abetting its execution, **KOGER** caused to be transmitted by means of wire communication a $199.44 American Express credit card payment at a restaurant in the District of Columbia to American Express in North Carolina.

**(Wire Fraud, in Violation of Title 18, United States Code, Section 1343)**

### FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds

1

traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $79,562.51.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

CHANNING D. PHILLIPS
United States Attorney

By: _____
Peter C. Lallas
New York Bar No. 4290623
Assistant United States Attorney
Fraud & Public Corruption Section
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-6879
Peter.Lallas@usdoj.gov